O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  | Case No.:  2:24-cv-01529-MEMF-AS |
|---|---|
| STEPHEN MEYERS, *et al.*, | **ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL [ECF NO. 34]** |
| Plaintiffs, | |
| v. | |
| FREEDOM MORTGAGE CORPORATION, *et al.*, | |
| Defendant. | |

Before the Court is Shapero Law Firm's Motion to Withdraw as Counsel for Plaintiffs Stephen Meyers and Lauren Meyers. ECF No. 34. For the reasons set forth below, the Court GRANTS the Motion.

## I.    **Background**

On January 19, 2024, Plaintiffs Stephen Meyers and Lauren Meyers initially filed this case in Long Beach Superior Court against Defendant Freedom Mortgage Corporation. ECF No. 1-3 ("Complaint" or "Compl."). Plaintiffs alleged causes of action for (1) violation of California Civil Code section 2923.7, (2) violation of California Civil Code section 2923.6(f), (3) violation of California Civil Code section 2923.6(c), (4) violation of 12 Code of Federal Regulations 1024.41, and (4) violation of California Business and Professions Code section 17200, *et seq*. *Id.* On February

23, 2024, Defendant removed the action to this Court on the basis of federal question jursidiction. *Id.*

On October 16, 2024, counsel for Plaintiffs, Sarah Shapero and Brooke Brewer (together, "Attorneys"), filed the instant Motion to Withdraw as Counsel, requesting withdrawal as counsel for themselves and their firm, Shapero Law Firm. ECF No. 34 (the "Motion" or "Mot."). On October 23, 2024, because the Attorneys' withdrawl would leave Plaintiffs as *pro se* litigants, the Court ordered Plaintiffs to personally appear for the hearing set for December 5, 2024. ECF No. 38. The Court also ordered the Attorneys to provide Plaintiffs with notice of the hearing date and time. *Id*. Attorneys filed a proof of service, declaring that they informed Plaintiffs via ECF, email, and mail that they are to appear personally for the hearing. ECF No. 39.

The Court held a hearing on the Motion on December 5, 2024. ECF No. 52. Plaintiffs did not attend the hearing. At the hearing, Brooke represented that she spoke with Plaintiffs over the phone on or around December 2, 2024, at which time Plaintiffs asked how they could continue to retain Attorneys as their counsel. The Court found that Brooke did not inform Plaintiffs fully during the phone conversation on how to continue their attorney-client relationship—namely that Plaintiffs should appear at the hearing to oppose the Motion. The Court ordered Brooke to inform Plaintiffs of the following by every reasonable communication method available: (1) If Plaintiffs wish to oppose the Motion, they may be heard by the Court at the next hearing, which will take place on December 12, 2024, at 8:30 a.m.; (2) Plaintiffs are permitted to attend remotely; (3) what representing themselves will entail for the Plaintiffs and the disadvantages of doing so;  and (4) the Federal Rules of Civil Procedure, Local Rules, Standing Orders, and the Court's website. *Id*.

The Court held a second hearing on the Motion on December 12, 2024. Plaintiffs again did not attend the hearing.

**II.    Positions of the Parties**

Defendants do not object to the Motion.

**III.    Discussion**

Withdrawal of counsel is permitted under Rule 1.16 of the California Rules of Professional Conduct where, among other reasons,  "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof'l Conduct 1.16(b)(4). At the December 5,

2024 hearing, Brooke described the nature of the purported breakdown in the relationship to the Court. Having considered their respective positions, the Court finds good cause to grant the Motion.

**IV.    <u>Conclusion</u>**

For the reasons aforementioned, the Court GRANTS the Motion for Leave to Withdraw as Counsel and ORDERS as follows:

1. Attorneys and their firm shall comply with all of the requirements of the California Rules of Professional Conduct with respect to this withdrawal;

2. Attorneys and their firm shall, consistent with the applicable California Rules of Professional Conduct, direct Plaintiffs to appropriate resources and guidance for obtaining new counsel;

3. Attorneys and their firm shall, consistent with the applicable California Rules of Professional Conduct, assist Plaintiffs in obtaining access to the docket as self-represented litigants;

4. Attorneys and their firm shall provide notice of this Order to Plaintiffs and file proof of service within seven (7) days of this Order;

5. If Plaintiffs plan to proceed with new counsel, they are directed to obtain new counsel and have new counsel file a Notice of Appearance within thirty (30) days of this Order;

6. If Plaintiffs are unable to obtain new counsel within thirty (30) days, they are directed to file a Status Report communicating to the Court whether they will proceed with the case *pro se*; and

7. Failure to timely file a Notice of Appearance or a Status Report will result in dismissal of the case for failure to prosecute.

Plaintiffs are advised that if they choose to proceed without an attorney, the Court will hold them to the same standards of conduct to which it holds attorneys, and does not exempt them from compliance with the Federal Rules of Civil Procedure or the Local Rules. *See* Local Rules 1-3 and 83-2.2.3. Appreciating the challenges which may come with self-representation, however, the Court directs Plaintiffs to the following resources for guidance if they choose to proceed without an attorney:

- General information on how parties may represent themselves in civil cases in the Central District of California can be found at https://prose.cacd.uscourts.gov/.

- Local Civil Rules for the Central District of California can be found at http://www.cacd.uscourts.gov/court-procedures/local-rules.
- Federal Rules of Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.
- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.
- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

IT IS SO ORDERED.

Dated: January 16, 2025    _____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge